IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **AMANDA MORRIS, individually and on behalf of all persons similarly situated,**<br>996 Zion Hill Road<br>Keswick, VA 22942;<br><br>**CHRISTIAN HERNANDEZ, individually and on behalf of all persons similarly situated,**<br>2315 Peyton Drive, Apartment F<br>Charlottesville, VA 22901<br><br>       **Plaintiffs,**<br><br>       v.<br><br>**RHETT'S, LLC d/b/a RHETT's BAR AND GRILL; CHRISTOPHER RHETT CRADDOCK**<br>4720 Woodbound Road<br>Keswick, VA 22947<br><br>       **Defendants.** | CIVIL ACTION NO.: 3:21-cv-41<br><br>Class and Collective Action Complaint |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Amanda Morris ("Morris") and Christian Hernandez ("Hernandez"), individually and on behalf of all persons similarly situated, by undersigned counsel, seeks all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Virginia Overtime Wage Act, Va. Code. Ann. § 40.1-29.2 *et seq*. ("VOWA"). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law, including those under VOWA, are properly

before this Court pursuant to 28 U.S.C. § 1367.

2.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this District, and Defendants conduct business in this District.

## PARTIES

3.  Plaintiff Amanda Morris ("Morris") is an individual currently residing in Keswick, Virginia. She has been employed by Defendants as a line cook from approximately mid-March 2021 through approximately mid-September 2021. Pursuant to 29 U.S.C. § 216(b), Morris has consented in writing to being a plaintiff in this action. See Ex. 1.

4.  Plaintiff Christian Hernandez ("Hernandez"), is an individual currently residing in Charlottesville, Virginia. He has been employed by Defendants as a line cook from approximately mid-October 2020 through approximately mid-September 2021. Pursuant to 29 U.S.C. § 216(b), Hernandez has consented in writing to being a plaintiff in this action. See Ex. 2.

5.  Defendant Rhett's, LLC, d/b/a Rhett's Bar and Grill ("Rhett's"), is a Virginia limited liability company headquartered in Keswick, Virginia.

6.  Defendant Christopher Rhett Craddock ("Craddock") is an individual residing in Keswick, Virginia and is an owner and managing agent of co-Defendant Rhett's.

7.  Defendants operate a restaurant in Zion Crossroads, Virginia, which employs Plaintiff and Class Members.

## CLASS DEFINITIONS

8.  Plaintiffs bring Count I of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All current or former Line Cooks and Dishwashers employed by Rhett's Bar and Grill, who worked at least one workweek since July 1, 2021 (the "Virginia Class").

9. Plaintiffs also bring Count II of this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential opt-in litigants:

> All current or former Line Cooks and Dishwashers employed by Rhett's Bar and Grill, who worked at least one workweek in the previous three years (the "FLSA Class" or "Back of House Workers").

10. The Virginia Class and the FLSA Class are together referred to as the "Classes."

11. Plaintiff reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

12. Plaintiffs were employed by Rhett's as line cooks and were compensated on an hourly basis of approximately $17-19 per hour.

13. Through they frequently worked 50-55 per week, neither Plaintiffs nor any members of the Classes were paid an overtime premium for any hours worked in excess of 40 in any given workweek.

14. In workweeks in which they worked well in excess of 40 hours, Plaintiffs' pay stubs would frequently show: (1) straight-time payment of approximately their first 40 hours of work per week at their normal hourly rates' and (2) hundreds of dollars of compensation as "Tips."

15. However, Plaintiffs did not interact with customers and no customers or anyone else ever provided them a "Tip."

16. Defendants' designation of some of Plaintiffs' and class members' compensation as "Tips" was a deceptive and illegal means of avoiding the FLSA's and VOWA's overtime compensation requirement by disguising overtime hours, such that hours worked over 40 could be compensated (at best) at straight-time, rather than at 150% of their regular hourly rates of pay.

### Willfulness

17. At hire, Craddock told Plaintiff Morris that no matter how many hours she worked, she would not be paid time and a half, and instead would have straight-time hourly wages paid as "Tips" when she worked overtime.

18. Defendants knew that Plaintiffs and the Classes were not paid an overtime premium for all hours worked in excess of forty (40) in a workweek and knew they were not exempt from an entitlement to an overtime premium under the FLSA or VOWA.

19. Defendants are a sophisticated business with access to knowledgeable human resource specialists and competent labor counsel.

20. Defendants acted willfully and with reckless disregard of clear FLSA and VOWA provisions by failing to compensate Plaintiffs and the Classes with an overtime premium of 150% of their regular rates of pay for all hours worked in excess of 40 during the workweek.

### COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

22. Plaintiffs desire to pursue their FLSA claims individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

23. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as Back of House Workers pursuant to Defendants' previously described common pay practices and, as a result of those practices, were not paid overtime wages as required by 29 U.S.C. § 207. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

24. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business and human resource records.

25. Defendants employ many FLSA Class Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Virginia Class as defined above.

27. The members of the Virginia Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 30 members of the class throughout the Commonwealth.

28. Plaintiffs will fairly and adequately represent and protect the interests of the Virginia Class because there is no conflict between the claims of Plaintiffs and those of the class, and Plaintiffs' claims are typical of the claims of the class. Plaintiffs' counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

29. There are questions of law and fact common to the proposed class, which predominate over any questions affecting only individual class members, including, without limitation: whether Defendants violated and continues to violate VOWA through their policy or practice of failing to pay its employees at applicable overtime wage of 150% of their regular hourly rates of pay.

30. Plaintiffs' claims are typical of the claims of the class in the following ways, without limitation: (a) Plaintiffs are members of the Virginia Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Virginia Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Virginia Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the class members.

31. As to the Virginia Class, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members.

32. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

33. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate

suits against Defendant.

34. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and class members. Plaintiffs envisions no difficulty in the management of this action as a class action.

### COUNT I – Unpaid Overtime
### Violation of VOWA
### (Plaintiff and the Virginia Class v. Defendants)

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The Virginia Overtime Wage Act ("VOWA") requires that covered employees be compensated for all hours worked, including all those in excess of forty (40) hours per week at 150% of the regular rate of pay. *See* Va. Code Ann. § 40.1-29.2(B).

37. Defendants are subject to the overtime requirements of the VOWA because they are each an employer under Va. Code Ann. § 40.1-29.2(A).

38. Craddock is subject to the wage requirements of the VOWA because he is an "employer" who exercised supervisory control over Plaintiffs and the Virginia Class and accordingly acted in the interest of Rhett's in designing and enforcing the illegal payroll practices at issue in this action.

39. During all relevant times, Plaintiffs and the Virginia Class were covered employees of Defendants entitled to the above-described VOWA protections. *Id.*

40. Defendants failed to compensate Plaintiffs and the Virginia Class at 150% of their regular rates of pay for hours worked in excess of forty (40) hours per week, in violation of Va. Code Ann. § 40.1-29.2(B).

41. Defendants are not exempt from VOWA's overtime pay requirements with respect to Plaintiff and the Virginia Class.

42. Pursuant to Va. Code Ann. §§ 40.1-29.2(F) and 40.1-29(J), employers, such as Defendants, who fail to pay an employee wages in conformance with the VOWA shall be liable to the employee for the wages or expenses that were not paid, pre and post judgment interest, liquidated damages of up to 200% of unpaid wages, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT II – Unpaid Overtime
### Violation of the FLSA
### (Plaintiff and the FLSA Class v. Defendants)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

45. Defendants are subject to the wage requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

46. Craddock is subject to the wage requirements of the FLSA because he is an "employer" under 29 U.S.C. § 203(d), as he exercised supervisory control over Plaintiffs and the FLSA Class and accordingly acted in the interest of Rhett's in designing and enforcing the illegal payroll practices at issue in this action.

47. During all relevant times, Plaintiffs and the FLSA Class were covered employees of Defendants, and as such were entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

48. Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA. Plaintiffs and the FLSA Class are entitled to be paid at 150% of their regular hourly rates for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

49. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiffs and the FLSA Class at 150% of their regular hourly rates for all hours worked over forty (40) in a workweek.

50. Defendants knowingly failed to compensate Plaintiffs and the FLSA Class at 150% of their regular hourly rates for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

51. Defendants also failed to make, keep, and preserve records with respect to Plaintiff and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

52. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

53. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly-situated, seek the following relief:

A. An order permitting all claims in this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class and FLSA-SCA Subclass members;

C. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P.

23 on behalf of the Virginia Class;

D. Back pay damages (including unpaid overtime compensation for all hours worked) and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

Dated: November 6, 2021

Respectfully Submitted,

GOODLEY MCCARTHY LLC

by:   /s/ James E. Goodley
James E. Goodley (VA 87573)
Ryan P. McCarthy*
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiffs and the Classes*

*\*Pro hac vice application forthcoming*